NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EILEEN MANNING,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1025

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01446-KCD, Judge Kathryn C. Davis.

---

Decided: March 3, 2022

---

EILEEN MANNING, Baltimore, MD, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before NEWMAN, DYK, and REYNA, *Circuit Judges*.

Per Curiam.

Eileen Manning appeals a decision of the Court of Federal Claims dismissing for lack of jurisdiction her complaint for spousal Social Security benefits or enforcement of an initial Merit Systems Protection Board ("Board" or "MSPB") decision.  We *affirm*.

## Background

In December 1993, Manning retired from the Social Security Administration ("SSA") after 40 years of service. Manning receives a pension based on her earnings while employed by SSA under the Civil Service Retirement System ("CSRS").

On July 6, 1998, Manning applied for surviving-spouse Social Security benefits.  The SSA informed Manning that she was not eligible for Social Security benefits under a law known as the Government Pension Offset ("GPO"), 42 U.S.C. § 402(k)(5), that reduces a surviving spouse's Social Security entitlement by a percentage of the applicant's government pension.

In December 2015, Manning filed a claim with the Office of Personnel Management ("OPM") for surviving spouse benefits.  It appears to be agreed that "[e]mployees who became eligible for retirement before December 1, 1982 are exempt from the GPO, even if they did not retire at that time."  MSPB Initial Decision, Dkt. 8, at 23 n.3. Manning argued to OPM that she was entitled to spousal benefits and exempt from the GPO reduction because she would have been eligible for early retirement under the Voluntary Early Retirement Act ("VERA") in 1979, which provided at the time: "An employee who is separated from the service . . . voluntarily, during a period when the agency . . . is undergoing a major reduction in force . . . and who is serving in such geographic areas as may be designated . . . after completing 25 years of service . . . is entitled to a reduced annuity."  Pub. L. No. 93-39, 87 Stat. 73

(applicable in 1979, codified as 5 U.S.C. § 8336(d)).  In initial and final decisions in January 2016 and February 2017, OPM determined that Manning was ineligible for early retirement under VERA and thus not exempt from the GPO reduction.  Manning appealed to the Board.

On July 31, 2017, in an initial decision, a Board administrative judge ("AJ") held that Manning would have been eligible for early retirement under VERA, reversing OPM's decision.  On September 1, 2017, OPM petitioned for review by the full Board.  OPM argued that Manning's claim for Social Security benefits was not an appeal of an administrative action reviewable by the MSPB and that the initial decision of the AJ should be vacated.  OPM's petition is still pending before the full Board because the MSPB has not had a quorum of Board members since the petition was filed.

On October 19, 2020, with the petition for review at the MSPB still pending, Manning filed the claim at issue here—a suit in the Court of Federal Claims, where she sought an order enforcing the AJ decision, or an award in the amount of $160,000 for Social Security benefits owed, plus cost of living adjustments and interest.  The court dismissed Manning's complaint, holding it lacked jurisdiction over both of Manning's claims.

Manning appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal for lack of subject matter jurisdiction de novo.  *Moyer v. United States*, 190 F.3d 1314, 1317–18 (Fed. Cir. 1999).  A plaintiff must establish subject matter jurisdiction by a preponderance of the evidence.  *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

Insofar as Manning sought Social Security benefits in the Court of Federal Claims, that court is without

jurisdiction to adjudicate claims for Social Security benefits because Congress has established a specific procedure for determining such claims at the SSA and in the district court. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). As to Manning's other theory that the Court of Federal Claims could enforce the AJ's decision, exclusive authority to review determinations of MSPB AJs resides in the full Board (where, as here, such review has been sought) and with this court. 5 U.S.C. § 7703(b); 28 U.S.C. § 1295(a)(9).[1]

The Court of Federal Claims properly concluded that it had no jurisdiction over either of Manning's claims.

### AFFIRMED

C

OSTS

No costs.

---

[1] Also, in general, OPM has exclusive jurisdiction to determine CSRS pension benefits and eligibility for VERA, 5 U.S.C. § 8336 (governing early retirement); § 8347 (granting OPM authority to administer subchapter governing Civil Service Retirement in §§ 8331–51), and the MSPB reviews OPM's determinations regarding benefits, § 8347(d)(1). We have no occasion to address OPM's argument pending before the full Board that the MSPB lacks jurisdiction in the circumstances of this case.